RICHARD A. SHERLOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sherlock v. Commissioner
Docket No. 4842-88.
United States Tax Court
T.C. Memo 1989-183; 1989 Tax Ct. Memo LEXIS 179; 57 T.C.M. (CCH) 218; T.C.M. (RIA) 89183; April 24, 1989
*179 Richard A. Sherlock, pro se. Arlene A. Blume, for the respondent. TRUWE MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In a notice of deficiency dated December 15, 1987, respondent determined deficiencies in and additions to tax to petitioner's Federal income taxes as follows: Additions to Tax
Years
Deficiencies
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1974
$    957.75
$    239.43
$    47.89
--
1975
4,588.40
1,147.10
229.42
--
1976
6,015.70
1,503.92
300.79
--
1977
7,213.50
1,803.37
360.68
--
1978
8,534.90
2,133.72
426.75
--
1979
$ 11,110.34
2,777.58
555.52
--
1980
21,815.75
5,453.93
1,090.79
--
1981
2,855.46
713 86
142.77 *
1982
30,032.03
7,508.00
1,501.60 *
1983
74,183.40
18,545.85
3,709.17 *
1984
7,970.61
1,992.65
398.53 *
Years
Sec. 6654
Sec. 6661
1974
$    30.20
--
1975
242.70
--
1976
224.00
--
1977
256.69
--
1978
271.90
--
1979
462.81
--
1980
1,390.01
--
1981
218.81
--
1982
2,923.89
$  7,508.00
1983
4,539.54
18,545.85
1984
494.04
1,992.65
*180 The issues for decision are: (1) Whether petitioner failed to report commission income earned in each of the years 1974 through 1984 and interest income received in 1980 and 1981; (2) whether petitioner is entitled to credits and/or deductions for any of the years 1974 through 1984 in excess of those allowed by respondent; (3) whether petitioner is liable for the above-stated additions to tax for negligence, failure to timely file, failure to pay estimated taxes, and substantially understating his income tax liability; and (4) whether petitioner is entitled to dependency exemptions for any persons other than himself in any of the years 1974 through 1984. Petitioner resided in Metairie, Louisiana when he filed his petition in this case. The parties filed a first stipulation for trial at the time this *181 case was called for trial. For purposes of convenience, we are combining our findings of fact and opinion. Petitioner bears the burden of proof with respect to the unreported commission income, interest income, and additions to tax. Rule 142(a). Respondent served a detailed request for admissions on petitioner, which included sources and amounts of alleged income from petitioner's sales of industrial products. Petitioner admitted that he sold industrial products for specific companies during the years in issue, but refused to respond to requested admissions regarding amounts of income received, citing the Fifth Amendment to the Constitution. Petitioner did not testify at trial and offered no evidence. Because petitioner has not sustained his burden of proof, respondent's determinations are sustained. Petitioner also bears the burden of establishing his entitlement to any credits and/or deductions for any of the years in issue in excess of those allowed by respondent in the statutory notice of deficiency. Rule 142(a). Petitioner offered no testimony or evidence and respondent's determinations are sustained. The final issue for decision is whether petitioner is entitled *182 to dependency exemptions for any persons other than himself for any of the years in issue. Based on concessions made by the parties, we find that petitioner is entitled to an additional dependency exemption for his wife for each of the years 1974 through 1984. Petitioner is also entitled to dependency exemptions for his children for each of the years 1974 through 1984 as follows: five dependency exemptions for each of the years 1974 through 1979, four dependency exemptions for the year 1980, five dependency exemptions for each of the years 1981 and 1982, four dependency exemptions for the year 1983, and three dependency exemptions for the year 1984. Decision will be entered entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * Addition to the tax is equal to 50 percent of the interest due on $ 2,855.46 for 1981, $ 30,032.03 for 1982, $ 74,183.40 for 1983, and $ 7,970.61 for 1984.↩